# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIMITA RACHEL DIXON, | ) | |
| Plaintiff | ) | C.A. No. 16-136 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| MRS. TORMA, et al., | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

## OPINION AND ORDER

United States Magistrate Judge Susan Paradise Baxter

## I.     Relevant Procedural History

On June 9, 2016, the Clerk of Courts received a *pro se* civil rights complaint from Plaintiff Jimita Rachel Dixon, an inmate at the State Correctional Institution at Muncy, Pennsylvania; however, the complaint was submitted without the required filing fee or a motion to proceed *in forma pauperis* ("IFP motion"). As a result, this Court entered a Show Cause Order requiring Plaintiff to either pay the filing fee of $ 400.00 or file an IFP motion with an accompanying institutional account statement, by July 12, 2016. [ECF No. 2]. On July 5, 2016, Plaintiff filed an IFP motion, but failed to provide an accompanying inmate account statement [ECF No. 4]. As a result, this Court issued an Order requiring Plaintiff to file the required account statement on or before October 25, 2016, or suffer dismissal of this case for failure to prosecute. To date, Plaintiff has failed to file the required account statement.

## II.     Discussion

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v.

State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, the Court finds that dismissal of this case is warranted. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. Further, Plaintiff has failed to comply with an order of this Court. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although Plaintiff's allegations may state a claim upon which relief could ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings. Thus, this case will be dismissed for Plaintiff's failure to prosecute.

An appropriate Order follows.

/s/ Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
United States Magistrate Judge

Date: November 29, 2016